UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


EDWARD POINDEXTER,                                    CIVIL NO. 05-893 (JNE/JSM)

      Plaintiff,

v.                                                   REPORT AND
                                                     RECOMMENDATION

VIRGINIA MANDAC, et al.,

      Defendants.


JANIE S. MAYERON, United States Magistrate Judge

      This matter is before the undersigned Magistrate Judge of the District Court on plaintiff's Request for Entry of Default Motion [Docket No. 9]; plaintiff's Motion for Default Judgment [Docket No. 10]; plaintiff's Motion/Letter for Immediate Entry of Default Judgment Granting all Relief Requested in Complaint [Docket No. 14]; plaintiff's Motion for Default Judgment [Docket No. 15]; and plaintiff's Motion to Immediately Impose Sanctions Against Defendants [Docket No. 16].  This matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court concludes that plaintiff's motions should be denied.

## I.  FACTUAL BACKGROUND

      Plaintiff has brought a civil rights action under 42 U.S.C. § 1983 against defendants, who were allegedly doctors that had treated him during his incarceration at Minnesota Correctional Facility-Stillwater.  Plaintiff filed his Complaint with the Court on May 11, 2005. On September 2, 2005, plaintiff filed Plaintiff's Notice of Service by Mail of Summonses of § 1983 Complaint [Docket No. 5].  In this notice, plaintiff stated that on August 29, 2005, he had sent by mail to Mike Hatch, the Minnesota Attorney General, a copy of the summons for each

defendant in the case.  No mention was made in this pleading as to whether these summons

were also sent to the respective defendants.

Having seen no activity in the case, this Court issued an Order on November 9, 2005

[Docket No. 6], which provided as follows:

> It appears that more than 120 days have elapsed since suit was filed and that no appearance has been entered by defendants.
>
> The Federal Rules of Civil Procedure and the Local Rules of this District require that an answer or other pleading be filed.  The Court does not permit counsel by agreement to extend the time for filing an answer or other pleading, although an initial motion for extension of time will be liberally considered by the Court in the absence of any objection by opposing counsel.
>
> Accordingly, plaintiff is directed to:
>
> 1.     Notify defense counsel immediately that he/she is required to make an appearance or move for **a** extension of time to do so;
> 2.     File an application for entry of default unless the required pleading is filed within 10 days; or
> 3.     Advise the Court in writing of any good cause to the contrary.
>
> Unless plaintiff complies with this Order within 20 days of this date, this case will be dismissed for lack of prosecution.

On November 6, 2006, plaintiff sent another letter to the Court [Docket No. 7] stating

that "in an effort to serve process in time for the September 11, 2005 submission deadline"[1],

he had the summons mailed by a law firm to defendants Dr. Virginia Mandac, Dr. Christopher

Ceman, and Dr. Jack McLeod.  No proof of service was provided with that letter.

On November 23, 2005, plaintiff filed a Request for Entry of Default of Judgment

[Docket No. 9] against defendant Dr. Virginia Mandac for her alleged failure to plead or

---

[1]     The Court does not know what September 11, 2005 submission deadline plaintiff is referencing.

otherwise defend against his Complaint.  Plaintiff also filed on the same day a Motion for

Default Judgment [Docket No. 10] requesting that default judgment be entered against

defendants for their failure to provide an answer to his Complaint.  Plaintiff provided no proof in

these motions that service of process had been made on any of the defendants.

On December 1, 2005, a November 30, 2006 letter from Mark Levinger, Assistant

Attorney General for the Office of the Minnesota Attorney General was filed with the Court.

[Docket No. 12]  This letter stated: "[t]his letter is to inform you that this Office does not

represent the defendants in the above reference matter."  Id.

On January 25, 2006, plaintiff submitted to this Court a Motion/Letter for Immediate

Entry of Default Judgment Granting all Relief Requested in Complaint [Docket No. 14] and a

Motion for Default Judgment [Docket No. 15].  In these motions, plaintiff complained that the

Minnesota Attorney General's Office failed to let him know that they were not going to

represent defendants within the 20-day period allowed for the filing of a response to his

Complaint.  Plaintiff stated in his Motion/Letter that he "assumes Mr. Peter J. Orput, Esq.

("Orput"), who is the Director of Policy and Legal Services at the Minnesota Department of

Corrections . . . is representing defendants in this matter."  [Docket No. 14]  According to

plaintiff, while Assistant Attorney General Levinger had communicated to plaintiff that the

Attorney General's Office was not going to represent defendants, plaintiff took issue with the

fact that Orput had not communicated this to him.[2]  Id.  Plaintiff claimed that an entry of default

judgment against defendants was appropriate, as defendants failed to answer his Complaint

---

[2]     The only reference in the record as to Orput is a December 12, 2005 letter from
Assistant Attorney General Richard Varco regarding a different case and a different plaintiff,
Nico Redding, in which Mr. Varco informed the recipient of the letter, Robert Langer, the
County Administrator for Rice County, that all future notices and communications to the
defendant should be directed to Orput.

within the time allowed for under the Federal Rules of Civil Procedure.

Finally, on February 23, 2005, plaintiff filed his Motion to Immediately Impose Sanctions Against Defendants [Docket No. 16]. In his motion, plaintiff asked for sanctions under Rule 11 of the Federal Rules of Civil Procedure, for defendants' dilatory tactics. Although plaintiff does not describe what these "dilatory" acts include, this Court assumes that plaintiff is referring to defendants' alleged failure to provide a response to his Complaint and for the late disclosure by the Minnesota Attorney General's Office that it would not be representing defendants.

With this background established, this Court will now proceed with discussing the merits of plaintiff's motions.

## II.    DISCUSSION

The Federal Rules of Civil Procedure provide that default or default judgment may be entered against a party who "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). A motion for default judgment must be preceded by an entry of default. See Fed. R. Civ. P. 55(a) and (b). However, "[w]ithout proper service of process, any default judgment entered against a party is void for lack of personal jurisdiction." D'Onofrio v. Il Mattino, 430 F. Supp.2d 431, 437 (E.D. Pa. 2006) (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)); see also Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside"); Dennis Garberg U Assocs. v. Pack Tech Intern. Corp ., 115 F.3d 767, 771 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has

jurisdiction over the defendant.") (citations omitted); <u>Dedco, Inc., v. American Bonding Co.</u>, 7 F.3d 1387, 1388 (8th Cir. 1993) ("If a defendant is improperly served, the court lacks jurisdiction over the defendant.") (citing <u>Cohen v. Newsweek, Inc.</u>, 312 F.2d 76, 77-78 (8th Cir. 1963)).

In this case, plaintiff has claimed to have effected service by mailing the summons to defendants and by mailing a copy of the summons to the Minnesota Attorney General's Office. First, this Court finds that mailing a copy of the summons to the Minnesota Attorney General's Office does not constitute service of process on the individual defendants.

Second, this Court finds that mailing a copy of the summons on the defendants, as alleged by plaintiff, without return to plaintiff of the waiver/acknowledgement of service forms from each defendant, does not constitute proper service of process. Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> A summons shall be served together with a copy of the complaint. <u>The plaintiff is responsible for service of a summons and complaint</u> within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(c)(1) (emphasis added).

Federal Rule of Civil Procedure 4(e)(1) provides that service in a federal district court may be effected pursuant to the laws of the state in which the court is located. Minnesota Rule of Civil Procedure 4.05 provides that service "may be made by mailing a copy of the summons and of the complaint[3] (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender." Minnesota Rule 4.05

---

[3]   This Court notes that although plaintiff claims he sent the summons to defendants, there is no assertion by him that he has sent a copy of the Complaint to them.

explicitly states that if acknowledgment of service is not received by the sender within twenty

days, "service shall be ineffectual."   Alternatively, under the Federal Rules, Fed. R. Civ. P.

4(d)(2) allows a plaintiff to notify a defendant via the mail that an action has been commenced

and request that the defendant waive the service of the summons.   See Fed. R. Civ. P.

4(d)(2)(A)-(G).   However, the plaintiff must include with the notification a form for waiver of

service of summons.   See Fed. R. Civ. P. Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons); Form 1B (Waiver of Service of Process).[4]   The Eighth Circuit has

held that the formal requirements of Minnesota Rule 4.05 and Fed. R. Civ. P. 4(d)(2) must be

met in order for service by mail to be effective.   See MW Ag, Inc. v. New Hampshire Ins.

Co.,107 F.3d 644, 646-47 (8th Cir. 1997); see also Gulley v. Mayo Foundation, 886 F.2d 161,

164-65 (8th Cir. 1989).   Therefore, even assuming that plaintiff did send by mail a copy of the

summons and complaint to the individual defendants in this case, his failure to receive back

the written waiver or acknowledgment of service forms from each defendant means that

plaintiff's attempted service of process has failed.[5]   As such, this Court cannot grant default

judgment or sanctions against defendants, as it does not presently have personal jurisdiction

over them.

Pursuant to Federal Rules of Civil Procedure 4(c) and 4(m), a plaintiff is responsible for

---

[4]      To comply with the Federal Rules, plaintiff must also include in the mailing a copy of the complaint, the written notification that complies with Form 1A to the Federal Rules of Civil Procedure, and a copy of Form 1B, the Waiver of Service of Process form. Form 1A apprises the defendant of the consequences of compliance and a failure to comply with the request of waiver of the summons.

[5]      This Court notes that actual notice to a defendant of a lawsuit does not excuse the service burden from a plaintiff.  See Hinz v. Washington Mutual Home Loans, No. 03-3203 (DWF/JGL), 2004 WL 729239 at *2 (D. Minn. April 2, 2004) (citing Sieg v. Karens, 693 F.2d 803, 807 (8th Cir. 1982)).

service of the Summons and Complaint upon Defendant within 120 days after the filing of the

Complaint.  Here, plaintiff's summons and complaint was filed with the Court on May 11, 2005.

 The 120-day period in which to serve defendants has expired.  Pursuant to Fed. R. Civ. P.

4(m), where service of a Complaint has been ineffective, the Court has two choices: it can

dismiss plaintiff's Complaint without prejudice or direct that service be effected within a

specified time.

      Plaintiff has not provided this Court with any good cause for his failure to properly serve

defendants in this case.[6]  However, in the interests of justice this Court will provide plaintiff 60

days from the date of this Report and Recommendation is adopted by the District Court to

properly serve defendants.  Given plaintiff's pro se standing, dismissal without prejudice at this

point would only delay the just adjudication of this case on its merits.  If plaintiff does not

properly serve defendants within 60 days of the District Court's adoption of this Report and

Recommendation, then this Court will recommend that his case be dismissed without

prejudice.

      In summary, if plaintiff intends to serve defendants by mail pursuant to Minn. R. Civ.

4.05, he must mail a copy of the summons and the complaint (by first-class mail, postage

prepaid) to each defendant, together with two copies of a notice and acknowledgment and a

return envelope, postage prepaid, addressed to the plaintiff.  The form for the notice and

acknowledgement can be found at Form 22 in the Appendix of Forms for the Minnesota Rules

of Civil Procedure.

      Alternatively, under the Federal Rules, plaintiff must send the appropriate notice and

---

[6]      Before 1993, dismissal was required under Rule 4 required if a plaintiff did not show
good cause why service was not effectuated within 120 days.  See Adams v. AlliedSignal
Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Rule 4 was amended in 1993 and
gives the Court discretion to extend the 120-day time period even if there is no good cause

request for waiver of service of the summons, along with a copy of the complaint, to each defendant by first class mail, with an extra copy of the notice and request, and a return addressed envelope with postage prepaid.  The form for the notice of lawsuit and request for waiver, along with the form for waiver of service of summons, can be found at Forms 1A and 1B in the Appendix of Forms for the Federal Rues of Civil Procedure.

For any defendant for whom plaintiff does not receive an acknowledgement of service within 20 days of his mailing the summons and complaint pursuant to Minnesota Rules of Civil Procedure, or a waiver of service form within at least 30 days pursuant to the Federal Rules of Civil Procedure, then plaintiff will be required to serve the summons and complaint on that defendant by other means as authorized by either the Federal or Minnesota Rules of Civil Procedure.  See Fed. R. Civ. P. 4(c); see also Minn. R. Civ. P. 4.03(a).[7]

In any event, service must be accomplished by 60 days after the adoption of this Report and Recommendation.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's Request for Entry of Default Motion [Docket No. 9] be **DENIED**;

2.   Plaintiff's Motion for Default Judgment [Docket No. 10] be **DENIED**;

---

shown. Id.; see also Fed. R. Civ. P. 4 Advisory Comm. Notes (1993).

[7]   Plaintiff should be aware that if he does receive an acknowledgement of service, under the Minnesota Rules of Civil Procedure, from a defendant within the time allowed, then the defendant shall have an additional 20 days after the date of the executed acknowledgement of service upon which to serve plaintiff with their answer or any other responsive pleading.  On the other hand, if plaintiff decides to utilize the procedure set forth under the Federal Rules of Civil Procedure, and a defendant returns to him an executed waiver of service form, then the defendant will have 60 days after the date the request for waiver of service was sent to answer the complaint.

3.      Plaintiff's Motion/Letter for Immediate Entry of Default Judgment Granting all

Relief Requested in Complaint [Docket No. 14] be **DENIED**;

4.      Motion for Default Judgment [Docket No. 15] be **DENIED**;

5.      Plaintiff's Motion to Immediately Impose Sanctions Against Defendants [Docket

No. 16] be **DENIED**; and

6.      Plaintiff make effective service of the Summons and Complaint on each

defendant within 60days of the adoption of this Report and Recommendation by the District

Court.  For each defendant that no service is made by that date, it will be recommended that

the Complaint be dismissed without prejudice.

Dated:  July 31, 2006


s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 17, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.