UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EDWARD POINDEXTER,  CIVIL NO. 05-893 (JNE/JSM)

    Plaintiff,

v.  <u>REPORT AND RECOMMENDATION</u>

VIRGINIA MANDAC, et al.,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on plaintiff's Motion to Dismiss Civil Rights Complaint Without Prejudice [Docket No. 28]. For the reasons discussed below, the Court concludes that plaintiff's motion should be granted.

Plaintiff originally brought a civil rights action under 42 U.S.C. §1983 against defendants, who were allegedly doctors who had treated him during his incarceration at Minnesota Correctional Facility – Stillwater. Plaintiff filed his Complaint with the Court on May 11, 2005. On September 2, 2005, plaintiff filed Plaintiff's Notice of Service by Mail of Summonses of §1983 Complaint [Docket No. 5]. In this notice, plaintiff stated that on August 29, 2005, he had sent by mail to Mike Hatch, the Minnesota Attorney General, a copy of the summons for each defendant in the case. No mention was made in this pleading as to whether these summons were also sent to the respective defendants. Having seen no activity in the case, this Court issued an Order on November 9, 2005 [Docket No. 6], which directed plaintiff to notify defense counsel

immediately that they were required to make an appearance or move for an extension of time to do so, and file an application for entry of default unless the pleading was filed within 10 days by defendants. On November 6, 2005, plaintiff sent a letter to the Court [Docket No. 7] stating that he had the summons mailed by a law firm to defendants. No proof of service was provided with that letter. On November 23, 2005, plaintiff filed a Request for Entry of Default of Judgment [Docket No. 9] and a Motion for Default Judgment [Docket No. 10]. Plaintiff provided no proof in these motions that service of process had been made on any of the defendants. On January 25, 2006, plaintiff submitted a Motion/Letter for Immediate Entry of Default Judgment Granting All Relief Requested in Complaint [Docket No. 14] and a Motion for Default Judgment [Docket No. 15]. Finally, on February 23, 2006, plaintiff filed a Motion to Immediately Impose Sanctions Against Defendants [Docket No. 16].

This Court addressed plaintiff's motions [Docket Nos. 9-10 and 14-16] in a Report and Recommendation issued on July 31, 2006, finding that plaintiff had failed to properly provide service to defendants in this case and recommending that the Court deny plaintiff's motions. The Report and Recommendation also recommended permitting plaintiff 60 days within the adoption of the Report and Recommendation to make effective service of the Summons and Complaint on each defendant.[1]

On October 18, 2006, plaintiff's Motion to Dismiss Civil Rights Complaint Without Prejudice was filed with the Court [Docket No. 28]. In his motion, plaintiff states that he is unable to work on his legal materials for several reasons: he is in poor health, he no longer has free access to legal materials, his private investigator needs more time to

---

[1] The Report and Recommendation was adopted on August 23, 2006.

find the address of the third defendant, Dr. Jack McLeod, he needs to modify his civil claim in order to readjust the relief sought and consider substitution of parties in the even that Dr. McLeod is not located, he needs to raise funds to hire a process server so as to avoid improper service, he would like to continue to attempt to hire an attorney to represent him in this course of action, and that a continuance would be inappropriate because he has no idea how long it may take to resolve the difficulties he is experiencing with his case.

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss a civil action. Rule 41(a) states, in pertinent part:

> (1) Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Court finds that because plaintiff has not yet served defendants with the Summons and Complaint in this case, and consequently defendants have not filed an

answer or motion for summary judgment,[2] plaintiff is free to dismiss this action pursuant to Rule 41(a)(1).  Under Rule 41(a)(1), the dismissal is without prejudice.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1.  Plaintiff's Motion to Dismiss Civil Rights Complaint Without Prejudice [Docket No. 28] be **GRANTED**.

Dated:      October 30, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **November 9, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

---

[2]   On September 14, 2006, counsel for defendants filed a motion to dismiss based upon insufficiency of process [Docket No. 22].  At that time, counsel for defendants had not yet received the Court's Order denying plaintiff's motions and granting plaintiff the additional 60 days in which to make proper service.  Upon receiving the Court's Order, counsel for defendants then withdrew the motion to dismiss [Docket No. 27].

4